MOORE, J.,
for the Court:
¶ 1. Appellant Andrew Clary, an inmate at the Mississippi State Penitentiary at Parchman, alleged racial discrimination stemming from his removal from his job at the Parchman Fire House. The Sunflower County Circuit Court ruled that Clary had: (1) exhausted the administrative review procedure, and (2) did not prove his racial discrimination claim. Aggrieved by the circuit court’s judgment, Clary argues the following grounds on appeal:
*922 I. WHETHER THE APPELLANT WAS DENIED PROCEDURAL DUE PROCESS WHEN HE WAS DENIED ACCESS TO USE THE LEGAL CLAIMS ADJUDICATION PROGRAM; AND
II. WHETHER TRIAL COURT ERRED BY DISMISSING [HIS] COMPLAINT WHEN THE APPELLANT REQUESTED THE COURT TO INTERVENE AFTER HE WAS DENIED ACCESS TO THE ADMINISTRATIVE REMEDY PROGRAM TO ADDRESS HIS COMPLAINT.
Finding no merit to these assignments of error, we affirm.
FACTS
¶ 2. Appellant Andrew Clary is an inmate at the Mississippi State Penitentiary at Parchman. Aspiring to be a fireman, he applied for a position at the Parchman Fire House. At first, Clary was rejected for a position at the fire house because of his numerous Rules Violations Reports (RVRs) ranging in severity from possession of marijuana to fighting. After filing a lawsuit alleging racial discrimination in the placement of inmate employees at Parchman, Clary was offered a position at the fire house. He then dismissed his complaint. Clary worked at the fire house for almost three years without incident. His employment at the fire house was then terminated when he received an RVR for unauthorized use of state radio equipment for non-emergency purposes and for getting out of the line of escort while driving a fire truck.
¶ 3. Aleging that his termination from the fire house was racially motivated, Clary moved to reopen the complaint that he had voluntarily dismissed. The circuit court denied Clary’s motion. Clary then requested an administrative adjudication of his termination from the fire house. The legal claims adjudicator summarily denied Clary’s request for an administrative adjudication of whether his termination from the fire house was racially motivated. Clary then filed a new complaint in the circuit court, again alleging racial discrimination in Parchman’s hiring practices. The circuit court dismissed this second suit, stating that it was repetitive with the suit that had been previously dismissed.
¶4. Upon appeal of the circuit court’s dismissal of Clary’s second complaint, we reversed and remanded. We directed the circuit court to perform two tasks: (1) to determine whether Clary had exhausted the full administrative review procedure for the racial aspects of his claim; and (2) if so, to adjudicate the merits of Clary’s racial discrimination claim. Clary v. Lee, 708 So.2d 566 (Miss.Ct.App.1998).
If 5. On remand, the circuit court ruled that Clary had exhausted the administrative review procedure and heard the merits of Clary’s racial discrimination claim. After hearing testimony from several witnesses, the circuit court ruled that Clary failed to prove that his termination from the fire house was racially motivated and dismissed Clary’s suit. Clary again appeals.
LAW AND ANALYSIS
I. WAS THE APPELLANT DENIED PROCEDURAL DUE PROCESS WHEN HE WAS DENIED ACCESS TO USE THE LEGAL CLAIMS ADJUDICATION PROGRAM?
¶ 6. In his first assignment of error, Clary “requests this Court to reinstate his eligibility to address his complaint[s] filed August 10, 1995, and December 20, 1995, with [the] M.D.O.C. Legal Claims Adjudicator’s] office.” Clary’s argument for this assignment, though largely unintelligible, seems to be that the circuit court did not have the authority to dismiss his complaints because the administrative review process had not been complete. However, Clary admitted several times during the circuit court hearing that he had exhausted his administrative remedies. Further, the circuit court held that Clary had exhausted his administrative remedies and heard the *923 merits of Clary’s claims. Clary had submitted his complaint of racial discrimination to the legal claims adjudicator and the complaint was summarily dismissed. No longer having recourse to the administrative review process, Clary had a statutory right to seek judicial review of the adverse administrative decision. Miss.Code Ann. § 47-5-807 (Rev. 1993). The circuit court was correct in ruling that Clary had exhausted his administrative remedies, and Clary’s request to “reinstate his eligibility” to have the legal claims adjudicator hear his complaints is without merit.
¶ 7. Also, in his first assignment of error, Clary touches upon the merits of his racial discrimination claim. At the hearing, Clary established that for the five year period preceding his employment there had been no African-Americans employed at the fire house. Charles Winters, the Fire and Safety Inspector at Parch-man, explained that during this five year period no African Americans had applied for or expressed any interest in a position at the fire house. Chief Winters testified that when he took over supervision of the fire house, he brought two African American inmates who had worked for him as truck drivers with him. Further, Chief Winters testified that there had been other African Americans housed at the fire house in the past. When Clary was removed from the fire house, he was replaced with an African American inmate. Chief Winters testified that he first rejected Clary for employment at the fire house because he had been a discipline problem, as reflected by his numerous RVRs. Chief Winters acknowledged that up until Clary received the RVR for his unauthorized use of state equipment and the escort violation, Clary performed his fire house duties well. Chief Winters testified that he has hired African Americans to work at the fire house before, and that they go through the same review process as the Caucasian workers.
¶ 8. Ann Lee, the Assistant Director of Offender Services Classification at Parch-man, testified that there had been several African American inmate workers at the fire house during her twenty five year term of employment at Parchman, but she could not recall the exact number. Lee testified that Clary was removed from the fire house because he broke a rule, not because he was an African American. The full member classification committee, composed of African Americans and Caucasians, reviewed the incident and removed Clary from his fire house employment. Lee explained that the fire house was a “sensitive placement”; in other words, the fire house was no place for rule-breakers.
¶ 9. “ A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor,’ and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.” Par Indus., Inc. v. Target Container Co., 708 So.2d 44 (¶ 4) (Miss.1998) (citing Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993)). There is more than ample evidence to support the trial court’s decision that Clary’s removal from the fire house was due to his own behavior and was not racially motivated.
II. DID THE TRIAL COURT ERR BY DISMISSING [HIS] COMPLAINT WHEN THE APPELLANT REQUESTED THE COURT TO INTERVENE AFTER HE WAS DENIED ACCESS TO THE ADMINISTRATIVE REMEDY PROGRAM TO ADDRESS HIS COMPLAINT?
¶ 10. Under this assignment of error, Clary “moves this Court for an order staying his complaint for 90 days until exhaustion of the A.R.P. procedure.” Clary seems to misapprehend Miss.Code Ann. § 47-5-803(2) (Rev. 1993). This statute prohibits the state courts from hearing inmate complaints unless and until the prisoner exhausts the administrative review procedure. If a prisoner prematurely petitions the circuit court, the statute requires the court to stay the complaint for *924 ninety days to allow completion of the administrative review procedure. Id.
¶ 11. In the case sub judice, Clary admitted, the trial court held, and this Court agreed that Clary had completed the administrative review procedure; thus, there is no reason for the trial court to stay Clary’s complaint for ninety days. This assignment of error is also without merit.
¶ 12. JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF DISMISSAL OF APPELLANT’S COMPLAINT IS HEREBY AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.